### ESTATE OF JAMES WHARTENBY, DECEASED.

[No. 10,068; decided November 6, 1891.]

**Taxes Against Estate—Payment Before Distribution.**—A tax is due immediately after it is levied, within the rule that distribution must not be made until all taxes due from the estate are paid.

**Taxes Against Estate—Payment Before Distribution.**—Section 3752 of the Political Code and section 1669 of the Code of Civil Procedure should be construed together as simultaneous expressions of the legislative will; the former section does repeal the latter by implication.

On October 8, 1891, the executors of the will of the above-named decedent filed a petition for distribution and their final account. Upon the hearing of the petition and settlement of

the account the executors filed a supplementary account pursuant to section 1665 of the Code of Civil Procedure. In this supplementary account the executors made a statement of the taxes assessed against the estate upon three classes of property:

1. Taxes on mortgages held by the estate on the first Monday in March, 1891, and thereafter paid.

2. Taxes on land belonging to the estate on the first Monday in March, 1891, and thereafter sold; some of which sales took place before the tax rate was fixed and the amount of the tax was ascertainable.

3. Taxes upon property in the hands of the executors at the time of distribution.

The question presented to the court was whether the estate or the purchaser must pay the taxes on the property sold in process of administration after the first Monday in March.

A. N. Drown, for the executors.

Reuben H. Lloyd, George H. Mastick and Harold Wheeler, for various heirs.

Alfred Barstow, for the purchaser.

COFFEY, J. Section 3752 of the Political Code says: "No decree of distribution must be made by the court until all the taxes due are paid." Section 1669 of the Code of Civil Procedure says: "No decree of distribution must be made by the court until proof by affidavit or otherwise is made that all taxes upon personal property are paid."

I have made but one construction of that since I have been in this probate department—that it is the duty of the court to see that *all* taxes that are *due* are paid. Of course the word "due" as in the code means something, because the taxes may be levied and not be yet payable; and it is not incumbent upon the court, as some think, to make a reservation of money for the payment of taxes that are not yet due. Section 3752, Political Code, was passed and took effect in March, 1880. Section 1669 of the Code of Civil Procedure took effect in April, a few days subsequently. Now, instead of reading those two sections together, and reconciling and construing them as if made simultaneously, some judges have

said that section 1669, Code of Civil Procedure, being a little later in time of enactment than section 3752, Political Code, repeals it by implication, and by necessary implication limits the obligation of the court to seeing that the payment of the personal property tax alone has been made. That point has been made, and seems to have obtained currency in some other sections of the state.

"I have a question before me," said a judge in another county, "involving the construction of section 1669, Code of Civil Procedure, and section 3752 of the Political Code. The administrator has asked for a decree of distribution, and says that he has paid all taxes on the personal property of said estate, but on the first Monday of March, 1891, the estate owned real estate but sold it in July of that year. An objection here filed to this account in opposition to the decree, is made by the purchaser of said real estate, because the administrator refuses to pay the taxes on said real estate. My predecessor in office has always held that a decree of distribution would be granted on paying taxes on personal property of said estate; that section 1669 was the last expression of the legislature, and repeals section 3752 of the Political Code by implication; holding that any other construction of the said statute would hinder the winding up of the estates of deceased persons." I do not think that last clause quoted of this letter, being a mere matter of convenience, has any force, and neither do I think (although the gentleman who so held is a judge of large experience and a lawyer of recognized ability and many years' practice) the last section repeals the first by implication. The law does not encourage implications. I have always construed these two as being applied together.

I wrote yesterday or the day before to this gentleman, my colleague in another county, that I had always regarded the rule—taking these two statutes together—as the simultaneous expression of the legislature; that I thought it was the intent, in the interest of the state of California, to have the court see that the taxes were discharged before the estate was distributed, upon this principle; that it was the duty of the court to see that all the valid obligations of the estate were discharged before the decree of distribution was signed, or

before the executors were released. That was a valid obligation of the estate. Until the executor could produce vouchers showing that all the taxes were paid, the court might withhold the decree of discharge. This is the theory on which I have acted. That was a debt which the estate owed. It is the same as any other debt which it incurred, or any other claim, which the estate is bound to pay. That is my judgment about it. I stated to my correspondent, at the same time, that I had never made a specific ruling upon the point, because no resistance had ever been made to the suggestion of the court. Of course, there has sometimes been an evasion. Then I insisted upon the production of vouchers and the vouchers were produced, and there was no further contention; that is to say, no controverted question has arisen until now as to the construction of the statute.

According to one section of the Political Code (section 3642), the tax may be entered against the heirs or the executors—that is, against the estate, the heirs, or the executors or administrators—showing that what the legislature was aiming at is the estate, and what it relied upon is the estate itself, for the payment of the taxes. Immediately the tax is levied against the estate, it is an obligation due from the estate to the state, and therefore it is proper for the court, acting on behalf of the state, to see that the tax is paid before the distribution is made.

The superior court must require every administrator or executor to pay *out of the funds of the estate* all taxes due from such estate. All we have to inquire is as to the meaning of those words—whether the taxes are due from the estate, were the taxes *due* from the estate prior to this sale. Now, the only question that I regard as a point of any consequence is, Is that section by necessary implication, repealed because the section of the Code of Civil Procedure was passed a few days later?

I think the estate is liable.

As a matter of fact, the purchaser was sold a good title, free from all liens, including tax liens. He had every right to assume that fact by the construction of the code, which is the correct one, at least, that the court had or would enforce payment out of the funds of the estate.

The tax is the same as a judgment lien and levy; and, therefore, if this decree of distribution is now made without requiring the payment of the taxes by the executor, the state can collect from the purchaser, and then the purchaser has recourse to the executor, if he is not protected by the court. That is where the practical proposition comes in. I think the amount in the account charged for taxes should be paid out of the funds of the estate, and it is allowed, and the executors are authorized and instructed to pay the same.